| May 21, 2007 Proposed Consent Judgment: Paving of Henrietta Avenue |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOOTERS OF TROY INC.,

        Plaintiff,

v.

CASE NUMBER 06-CV- 14945
HON. JULIAN A. COOK
MAGIST. R. STEVEN WHALEN

CITY OF TROY,

        Defendant.
_____/

EDWARD G. LENNON PLLC
Edward G. Lennon (P42278)
Attorney for Plaintiff
HYMAN LIPPITT, P.C.
Stephen McKenney (P65673)
Co-Counsel for Plaintiff
322 N. Old Woodward
Birmingham, MI 48009
248.723.1276

City of Troy – City Attorney's Office
Lori Grigg Bluhm (P46908)
Christopher J. Forsyth (P63025)
Attorney for Defendant
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
_____/





MAY 3 0 2007
CLERK'S OFFICE
DETROIT

## JUDGMENT BY CONSENT

At a session of said Court, held in the City of Detroit,
Eastern District of Michigan on _____.

PRESENT: Hon. _____
                      DISTRICT COURT JUDGE

    HOOTERS OF TROY INC. and the CITY OF TROY consent to the entry of this Consent Judgment.

RECITALS

1.    Plaintiff, Hooters of Troy Inc. ("Hooters"), is a Georgia corporation and a wholly owned subsidiary of Hooters of America Inc., a Georgia corporation.

2.    Plaintiff operated a Hooters restaurant located at 1686 John R Road in the City of Troy, Oakland County, Michigan. Plaintiff also currently holds a Class C liquor license for this restaurant.

3.    On January 6, 2006, Plaintiff entered into an agreement with Sign of the Beefcarver, Inc. ("Beefcarver") to purchase Beefcarver's Class C and SDM Liquor Licenses and the requested Sunday Sales, Entertainment, and Outdoor Service permits, (collectively the "Liquor License") which Beefcarver was using at a restaurant named the Wagon Wheel Saloon and which it operated at 2946-2950 Rochester Road in Troy. The Wagon Wheel Saloon closed on or about May 31, 2006.

4.    In addition to the agreement to purchase the Liquor License, Plaintiff also agreed to the lease the property at 2946-2950 Rochester Road in which the Wagon Wheel Restaurant was located.

5.    As required by the Michigan Liquor Control Code, MCL 436.1101 et. seq., Plaintiff submitted an application to the Michigan Liquor Control Commission, seeking a transfer of said Liquor License from Beefcarver to Hooters.

6.    Pursuant to MCL 436.1501(2), such an application requires approval from the Troy City Council, the legislative body of the City of Troy. At

the June 19, 2006 regular City Council meeting, the Troy City Council denied Hooter's request to transfer the Liquor License from Beefcarver.

7.  On June 27, 2006, Plaintiff filed a lawsuit in Oakland County Circuit Court. Plaintiff sought an order of superintending control approving the transfer of the Liquor License to Hooters. This case was dismissed by Oakland County Circuit Court Judge John McDonald. Plaintiff has appealed Judge McDonald's dismissal, and the case is pending oral argument in the Michigan Court of Appeals (Docket no. 272155).

8.  On November 2, 2006, Plaintiff initiated this 42 U.S.C. § 1983 lawsuit against Defendant.

9.  After extensive negotiation, the parties have reached a settlement of this §1983 lawsuit and the state court action. The parties agree that Troy City Council shall approve Plaintiff's application to transfer the Liquor License provided that Plaintiff complies with certain conditions that are further defined in this Consent Judgment. The parties also agree that this Consent Judgment shall be binding upon the parties, their successors and assigns.

10. The Court has reviewed the proposed Consent Judgment, and has verified that it currently possesses jurisdiction over this action, and has approved the form and substance of this Consent Judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.  This Consent Judgment shall constitute the final judgment of the Federal District Court, Eastern District of Michigan, and resolves all claims between the parties.

2. With the entry of this Consent Judgment by the Court, the Troy City Council approves Plaintiff's application to transfer the Liquor License from the Beefcarver to Hooters. After such time, the Troy City Clerk shall immediately forward a resolution of approval of the transfer to the Michigan Liquor Control Commission.

3. The City of Troy will reasonably cooperate and file such other additional or revised documents that reflect the above referenced approval, and as required by the Michigan Liquor Control Commission to complete or expedite the Liquor License transfer.

4. In consideration of the approval of the transfer of the Liquor License by the City of Troy, Plaintiff agrees to the following:

    a. Plaintiff relinquishes any claim of damages against Defendant.

    b. Plaintiff will dismiss with prejudice its claim of appeal filed with the Michigan Court of Appeals in the state court action, which is entitled *In Re Hooters of Troy Inc.*, Oakland County Circuit Court No. 06-75618 AS, Michigan Court of Appeals No. 272155.

    c. Plaintiff will continue to cease its operation of a Hooters Restaurant at 1686 John R Road, and place its Class C liquor license for that location into escrow with the Michigan Liquor Control Commission. This Consent Judgment does not address any future transfer or sale of the John R. escrowed license, and any sale or transfer of said liquor license shall comply with the Michigan Liquor Control Code.

d. Plaintiff shall be permitted to operate only one Hooters restaurant in Troy.

e. Within thirty (30) days after the entry of this Consent Judgment, Plaintiff shall remove the two pole signs (collectively, "Pylon Signs F & G"), which were erected at this location. More specifically, the first pole sign Plaintiff shall remove is located a short distance from the restaurant, is in close proximity to the intersection of Rochester and Big Beaver Roads, and is the larger of the two pole signs. The second pole sign Plaintiff shall remove is located in close proximity to the northeast parking entrance to the restaurant, which also curb cuts on Big Beaver Road, and is the smaller of the two pole signs. These two pole signs are further described as F, SF Pylon, and G, DF Pylon, in the attached plan (Exh. A., incorporated by reference).

f. Plaintiff shall be permitted to construct up to two directional signs from Big Beaver Road, which shall not exceed 2 square feet each, and which shall not contain any logos or other commercial message, and shall be limited to identifying the Entrance and Exit for the parking lot. These signs, if constructed, shall be located at the existing north easternmost curb cut of the parking lot.

g. With the exception of the pole signs, which Plaintiff agrees to remove, and the directional signs, as referenced in Paragraph f, the amount and type of signage Plaintiff can maintain at 2946-2950 Rochester Road, is limited to that depicted in Exhibit A.

h. Within thirty (30) days after the entry of this Consent Judgment, Plaintiff shall also remove the wood patio deck and all the outdoor seating located at the Hooters at 2946-2950 Rochester Road. The outdoor seating is located at the southeast corner of the restaurant and is described as "covered wood patio deck" in Exhibit A.

i. Within thirty (30) days after the entry of this Consent Judgment, Plaintiff shall place in escrow the amount of $5000, which shall be used to pay for the City's cost of re-grading and asphalt paving a portion of Henrietta Avenue, and also to pay for the installation of appropriate signage directing traffic away from the residential homes on Henrietta Avenue.  Specifically, Plaintiff shall pay the cost to re-grade and asphalt pave the portion of Henrietta Avenue that begins at the current eastern end of the existing asphalt paving on Henrietta Avenue, and extends approximately 80 feet to the east, at the easternmost edge of the eastern driveway entrance to the Ram's Horn Restaurant parking lot (described in Exhibit B, which is incorporated by reference). The amount to be paid by Plaintiff under this paragraph shall not exceed the $5,000 that is placed in escrow, and shall be based on the actual cost, as submitted by Troy.

j. Plaintiff is permanently barred from seeking permission or any variances from the City of Troy to construct or erect additional signage at 2946-2950 Rochester Road, including but not limited to

any special event signs as set forth in Chapter 85 of the City of Troy Ordinances.

k. Plaintiff is also permanently barred from seeking permission or any variance from the City of Troy to construct or erect any outdoor seating at 2946-2950 Rochester Road. This does not preclude Plaintiff from applying for one (1) outdoor special event permit within a twelve (12) month period as set forth in Chapter 39, Section 41.16.00 of the City of Troy Ordinances.

l. Plaintiff is further permanently barred from requesting an outdoor service permit from the Michigan Liquor Control Commission that allows for any outdoor seating at 2946-2950 Rochester Road. This does not preclude Plaintiff from applying for a temporary outdoor service permit with the Michigan Liquor Control Commission as set forth in MI ADC R 436.1419 in conjunction with an outdoor special event permit as set forth in above paragraph k.

m. In the event Plaintiff fails to remove above described pole signs, and remove the above described outdoor seating at 2946-2950 Rochester Road, Defendant shall have the right to remove said pole signs, or remove said outdoor seating, and charge all costs and expenses to Plaintiff. This does not preclude the parties from pursuing any other available relief under state or federal law for any violation of the terms of this Consent Judgment.

    n. In the event Plaintiff fails to pay for the re-grading, asphalt paving, and sign installation as described in Paragraph i, the City of Troy shall have the right to present to the escrow agent the cost incurred by the City for re-grading, asphalt paving, and sign installation for payment.

5. The parties agree to waive all costs and attorney fees incurred as result of the case.

6. By entry of this Consent Judgment, the parties, their agents, successors, assignees waive and discharge any and all claims that they may have against the other party, including its officials and employees, relating to the subject of this lawsuit.

7. In order to effectuate the intent of this Consent Judgment and to reconcile any differences of the parties that may arise in connection with the performance of this Consent Judgment, this Court shall retain jurisdiction of this action.

_____
DISTRICT COURT JUDGE

Approved for entry:

HOOTERS OF TROY INC.

By: _____
Coby G. Brooks, President

CITY OF TROY, a Michigan Municipal Corporation

By: _____
Louise Schilling, Mayor

By: *Barbara A. Pallotta, Deputy City Clerk on behalf of Tonni L. Bartholomew, City Clerk*
Tonni Bartholomew, City Clerk

Approved as to form:

*[signature]*
CITY OF TROY
CITY ATTORNEY'S OFFICE
By: LORI GRIGG BLUHM (P46908)
CHRISTOPHER FORSYTH (P63025)
Christopher J. Forsyth (P63025)
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320

*[signature]*
EDWARD G. LENNON PLLC
EDWARD G. LENNON (P42278)
Attorney for Plaintiff
HYMAN LIPPITT, P.C.
Stephen McKenney (P65673)
Co-Counsel for Plaintiff
322 N. Old Woodward
Birmingham, MI 48009

Prepared by:

CITY OF TROY
CITY ATTORNEY'S OFFICE
By: s/Christopher J. Forsyth
Lori Grigg Bluhm (P46908)
Christopher J. Forsyth (P63025)
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
c.forsyth@ci.troy.mi.us

**EXHIBIT A**



**EXHIBIT B**

